UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

K & SD ENTERPRISES, INC., *et al.*,

    Plaintiffs,

    v.

SHELL OIL PRODUCTS, INC. US, *et al.*,

    Defendants.

Case No. C05-1972RSL

ORDER GRANTING IN PART DEFENDANT EQUILON'S MOTION FOR DISMISSAL OR SUMMARY JUDGMENT

    This matter comes before the Court on "Defendant Equilon Enterprises LLC's Motion to Dismiss or, in the Alternative, for Summary Judgment." Dkt. #14. Plaintiffs filed a breach of contract suit against Equilon Enterprises LLC, doing business as Shell Oil Products US (hereinafter "Equilon"). For the reasons set forth below, the Court grants in part and denies in part Equilon's motion.

## I. FACTS

    The following facts are undisputed. This controversy arose out of the operation and termination of a Shell gas station franchise. The parties agree that the termination of the franchise is governed by the Petroleum Marketing Practices Act

ORDER GRANTING IN PART EQUILON'S
MOTION FOR SUMMARY JUDGMENT- 1

("PMPA"), 15 U.S.C. 2801 *et seq*. Plaintiff K & SD Enterprises ("K & SD") entered into a Retail Facility Lease ("Lease") and a Retail Sales Agreement ("Agreement") with defendant Equilon. Decl. of Michael W. Lambert at Exs. A and B (Dkt. #15). The individual plaintiffs are current or former stockholders of K & SD. First Amended Complaint at ¶¶ 3-5 (Dkt. #12).

One of the grounds for termination under both the Lease and the Agreement was K & SD's "failure to operate [the gas station] for 7 consecutive days, or such lesser period which under the facts and circumstances constitutes an unreasonable period of time[.]" Lease at 11; Agreement at 13. These terms echo the language in the PMPA. 15 U.S.C. §2802(c)(9). The Agreement additionally lists "failure to maintain a sufficient amount of all grades of Products" for seven consecutive days or a lesser unreasonable period as grounds for termination. Agreement at 13.

On at least 25 separate occasions between August 2004 and August 2005, plaintiff's gas station lacked at least one grade of fuel for at least 12 hours. Motion at 5 and 7. The longest outage lasted just over 4 days. Id. at 5. After a series of warning letters, Equilon terminated the Lease and Agreement effective November 30, 2005, citing K & SD's "failure to operate the marketing Premises for seven consecutive days, or any lesser period that, under the facts and circumstances, constitutes an unreasonable period of time." Decl. of Michael W. Lambert., Ex. F.

## II. DISCUSSION

Equilon requests summary judgment or dismissal on several grounds. First, defendant asserts that plaintiffs' breach of contract claim is preempted by the PMPA and must be dismissed. Defendant also argues that the individual plaintiffs have no standing to assert a breach of contract or a PMPA claim. Third, defendant argues that even if

plaintiffs had properly asserted a PMPA claim, summary judgment on the merits would be appropriate. Finally, defendant requests that fees and costs be awarded for the expense of defending this action. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

**A.   PMPA Preemption.**

The PMPA provides that "[t]o the extent that any provision of this subchapter applies to the termination . . . of any franchise, . . . no State . . . may adopt, enforce, or continue in effect any provision of any law or regulation . . . with respect to termination . . . of any such franchise relationship unless such provision of such law or regulation is the same as the applicable provision of this subchapter." 15 U.S.C. §2806(a)(1). "This section provides for preemption of *all* state law inconsistent with the PMPA." In re Herbert, 806 F.2d 889, 892 (9th Cir. 1986) (emphasis in original).

In order to find preemption, there must first be an inconsistency. Defendant has not identified, and the Court cannot discern, any inconsistency here. Plaintiffs seek to enforce a contract that is entirely consistent with the PMPA. Plaintiffs' complaint alleges that defendant breached the contract by terminating the franchise in the absence of one of the "good cause" justifications set forth in the contract and permitted under the PMPA. First Amended Complaint at ¶ 38. Plaintiffs' invocation of state law through a breach of contract claim mirrors the PMPA because the "good cause" justifications in the contract precisely echo those set forth in the statute. In addition, both the original

---

[1] Neither party has provided documentary evidence to support the summary charts submitted as evidence in this matter. Nevertheless, the Court has considered all of the documents submitted based on the assumption that the parties will be able to authenticate the underlying documents and that such documents would be subject to one or more of the exceptions to the hearsay rule.

ORDER GRANTING IN PART EQUILON'S
MOTION FOR SUMMARY JUDGMENT- 3

Complaint (Dkt. # 1 at ¶ 1) and their First Amended Complaint (Dkt. # 12 at ¶ 1) state that the "action arises under the [PMPA]." Plaintiffs' complaint is not inconsistent with the PMPA and therefore is not preempted.

### B. Individual Plaintiffs' Standing.

Defendant points out that, contrary to the unsupported allegations of the complaint, the Lease and Agreement were between it and K & SD, not the individual plaintiffs. The individual plaintiffs have not responded to this argument or otherwise shown that they have standing to assert a breach of contract or PMPA claim against Equilon. The individual plaintiffs' claims are, therefore, dismissed.

### C. Summary Judgment under the PMPA.

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

Based on the record currently before the Court, there appears to be a genuine issue of fact regarding the cause of K & SD's repeated failure to keep on hand a sufficient amount of one or more type of gas for resale to the public. Under the PMPA, "[t]he term 'failure' does not include . . . any failure for a cause beyond the reasonable control of the franchisee[.]" 15 U.S.C. §2801(13). Whether the outages were beyond K & SD's control is a question for the trier of fact. There also appears to be a genuine issue regarding defendant's justification for termination. The relevant contracts and the PMPA authorize termination for the "failure to operate [the gas station] for 7 consecutive

ORDER GRANTING IN PART EQUILON'S
MOTION FOR SUMMARY JUDGMENT- 4

days, or such lesser period which under the facts and circumstances constitutes an unreasonable period of time". No outage lasted seven consecutive days, nor is it clear that K & SD ever failed to operate the gas station in its entirety. Whether plaintiff's various failures to maintain one or more types of gas, taken together or individually, constituted a "failure to operate" or lasted "an unreasonable period of time" are questions to be decided by the trier of fact. Equilon is not entitled to summary judgment on plaintiff's claim that Equilon's termination of the Lease and Agreement violated the contracts and/or the PMPA.

### D.   Attorney's Fees.

Defendant's request for attorney's fees is denied as premature.

### III.  CONCLUSION

For all of the foregoing reasons, defendant's motion to dismiss or, in the alternative, for summary judgment is GRANTED in part and DENIED in part. The claims of individual plaintiffs Jasvir Singh Dhillon, Rupinder Kaur, Harjinder Singh, and Kashmir Singh Khalsa are dismissed. Equilon's motion is denied as to K & SD's claims and the request for attorney's fees.

DATED this 14th day of June, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART EQUILON'S
MOTION FOR SUMMARY JUDGMENT - 5